BLUMROSEN *v.* SILVER FLAME INDUSTRIES, INC.

SILVER FLAME INDUSTRIES, INC., *v.* BLUMROSEN.

1. Sales—Divisible Contract to Sell.

A divisible contract to sell is one in which by its terms the price for a portion or portions of the goods less than the whole is fixed or ascertainable by computation (CL 1948, § 440.76).

2. Contracts—Rescission in Toto.

The right to rescind an indivisible contract must be exercised *in toto.*

3. Same — Rescission — Recovery — Payments — Damages for Breach.

Purchaser of 4 heating units for a block of 4 stores who did not make a complete rescission of contract of purchase which was not shown to have been divisible was not entitled to recover payments made thereunder or damages for breach thereof.

Appeals from Wayne; Ferguson (Frank B.), J. Submitted June 3, 1952. (Docket Nos. 12, 13, Calendar Nos. 45,319, 45,320.) Decided September 3, 1952.

Action in common pleas court of the City of Detroit by Sol Blumrosen against Silver Flame Industries, Inc., a Michigan corporation, for money due after rescission of instalment contract. Directed verdict and judgment for defendant.

References for Points in Headnotes

[1] 46 Am Jur, Sales §§ 140, 141.
[2] 12 Am Jur, Contracts § 444.
[3] Generally as to recovery of payments. by purchaser, see 46 Am Jur, Sales §§ 666 *et seq.*, 758.

Action in common pleas court of the City of Detroit by Silver Flame Industries, Inc., against Sol Blumrosen for instalments due on instalment contract. Directed verdict and judgment for plaintiff.

Both cases appealed to circuit court by Sol Blumrosen where judgments were affirmed. Sol Blumrosen appeals. Affirmed.

*Sol Blumrosen, in pro. per.*

*Silverston & Kabatsky,* for Silver Flame Industries, Inc.

REID, J. Plaintiff Sol Blumrosen in the first above entitled case (hereinafter referred to as appellant) appeals from a judgment for the appellee Silver Flame Industries, Inc., with costs to appellee, rendered in the circuit court on an appeal to that from the common pleas court of the city of Detroit where verdict for appellee had been directed and judgment entered thereon; and said Blumrosen also appeals from a judgment in favor of appellee Silver Flame Industries, Inc., in the second above entitled case and against Blumrosen (defendant in said second case) in the sum of $625 with costs to Silver Flame Industries, Inc., likewise rendered in circuit court on appeal from the common pleas court of the city of Detroit where verdict had been directed for appellee and judgment entered thereon.

On May 22, 1950, Silver Flame Industries, Inc. (hereinafter referred to as appellee), began suit (the second suit above entitled) in the common pleas court of the city of Detroit to recover for payments past due and unpaid under an agreement in writing with appellant Blumrosen (a practicing attorney since 1913), under which appellee agreed to sell to appellant 4 ceiling suspended furnaces and 4 oil storage tanks, and install said heaters and tanks in

a block of 4 stores owned by appellant at 9141 Dexter, 3701 Joy road, 3703 Joy road and 3705 Joy road, Detroit, for a gross sum of $1,988.93 payable in specified instalments with interest. The agreement was without acceleration clause for defaulted payments, and contained no express warranties or express guaranties.

When appellee began its said suit, appellant had paid a total of $1,096.26 and had defaulted on 5 monthly payments amounting to $625 and still owed a balance of $1,000 on said agreement. The contract was an agreement to sell with the vendor retaining the title until payment of the full amount.

In his answer filed June 19, 1950, to the declaration in the suit against him, appellant admitted the delivery of the 4 furnaces and tanks, denied his default in payment and claimed that appellee made representations, guaranties and warranties to appellant before appellant signed the agreement, which representations, guaranties and warranties were breached by appellee, and asserted that he, appellant, had notified appellee that he, appellant Blumrosen, had rescinded the agreement and that the agreement was null and void; and in his said answer, appellant further stated that there was an implied warranty of fitness and suitability of the equipment, which warranty was breached by appellee and that therefore, he, appellant Blumrosen, had rescinded the agreement, that the heating units were worthless to him. Included with his said answer is appellant's claim of set-off and recoupment for $1,100, the amount paid by him on the agreement, also for $400, the approximate cost of painting the stores damaged by leak of the equipment and for $200, the approximate cost of removing the equipment.

On May 23, 1950 (the next day after he was sued by appellee), appellant Blumrosen started suit (the first suit above entitled) against appellee. In his

amended declaration are 3 counts. In count 1, appellant alleged breach by appellee of certain representations, guaranties, warranties and promises (claimed by appellant to be false) made to appellant before he signed the agreement in question and that therefore appellant has rescinded the agreement and that appellee became indebted to him for about $1,500, the moneys paid by him on the agreement. Count 2 alleged breach of implied warranty, and that for such breach appellant rescinded the contract, and that appellee became indebted to appellant for approximately $1,500 paid by him on the agreement. Count 3 of appellant's declaration alleges that because of the failure of the heating units "to heat * * * cleanly," appellant will be obliged to repaint the stores at an approximate cost of $400; and further that because of the failure of the heating units "to heat * * * comfortably and cleanly, and at a cost no greater than gas heating units," appellant will be obliged to remove the units at a cost of approximately $200; and further that by reason of those facts, appellee has become indebted to appellant for $1,500, wherefore appellant asks judgment.

The 2 suits were tried together before the common pleas court with a jury, though not technically consolidated for trial.

It will be noted that appellant, consistently in his pleadings in both suits, claimed that he had made rescission and claimed damages consequent upon and consistent only with rescission by him.

After the jury had been sworn, an opening statement was being made by appellant, and it became apparent he was claiming damages which could be awarded only on the theory that the agreement was still valid and binding as an existing contract. Appellant made no offer to amend his pleadings to state that he claimed alternative remedies or awards consistent only with alternative theories. The court

required an election. As a conclusion of his opening statement to the jury, appellant said:

"We will show you that sometime in the spring of 1950 I served this Silver Flame Industry with a notice of rescission, that I had rescinded this contract and demanded my money, and asked for the return of my money. I will show you that thereafter I was forced to expend money in painting and redecorating and removing dirt, and I feel and I maintain, members of the jury, that if I establish these facts to your satisfaction, that I ask for a verdict for the return of the money that I have paid this Silver Flame Industry."

The trial court in effect ruled that appellant stood upon his claimed rescission, and was asking for a return of the money that he had paid appellee.

Appellant introduced testimony tending to show damages as for a breach of the contract, among other things. There was undisputed testimony that appellant had removed 3 heating units from his stores, but that 1 of the heating units was retained by the appellant and was still in use as a heating unit in the drugstore. The agreement contained only a lump sum as the consideration for the 4 heating units and tanks with no criterion expressed in the contract for the separate values of the units.

The trial court ruled that the contract was indivisible and that under his pleadings and opening statement, appellant Blumrosen could not recover for damages occasioned by breach of the contract.

" 'Divisible contract to sell or sale' means a contract to sell or a sale in which by its terms the price for a portion or portions of the goods less than the whole is fixed or ascertainable by computation." CL 1948, § 440.76 (Stat Ann § 19.316).

"As a general rule the right to rescind must be exercised *in toto*. The contract must stand in all

its provisions or fall altogether. Accordingly a party cannot repudiate a contract or compromise so far as its terms are unfavorable to him and claim the benefit of the residue. A partial rescission, however, may be allowed where the contract is a divisible one." 12 Am Jur, p 1027, § 444.

"A contract to 'manufacture, transport, deliver, and set up ready for use' chairs for equipment of a theater for a stated price per chair payable on completion of the contract, *held* entire and not divisible." *A. H. Andrews Co.* v. *Colonial Theatre Co.*, 283 Fed 471 (per syllabus 2).

There is nothing contained in the contract in question nor in the testimony, to show what proportionate share of the whole cost of furnishing and installing the equipment in question, would be attributable to the heating unit retained in the drugstore as compared with the value and cost attributable to the 3 units which appellant Blumrosen removed from 3 stores and held ready for appellee's call.

The trial court correctly ruled that the contract in question is indivisible. It being indivisible, appellant's attempt at rescission must fail, for he did not make a complete rescission. His rescission having failed, appellant Blumrosen's case must fail, for he based his whole case upon rescission, in each case.

The judgment in each case is affirmed. Costs of both courts in each case to appellee Silver Flame Industries, Inc.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.

The late Chief Justice NORTH did not sit.