■ In the Matter of SAMUEL JANUS, Appellant, v LUIS QUERA-CHIESA, as Chairman of the Board of Higher Education of the City of New York, et al., Respondents.—Judgment, Supreme Court, New York County, entered on February 7, 1975, resettled by order of said court, entered on April 6, 1976, unanimously affirmed for the reasons stated by Frank, J., at Special Term, without costs and without disbursements. Concur—Murphy, P. J., Kupferman, Evans, Capozzoli and Lane, JJ.

■ GENERAL CONTRACTORS ASSOCIATION OF NEW YORK, INC., Appellant, v STATE OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County, entered on November 17, 1976, unanimously affirmed for the reasons stated by Riccobono, J., at Special Term. Respondents shall recover of appellant one bill of $60 costs and disbursements of this appeal. Concur—Lupiano, J. P., Birns, Silverman and Markewich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN JACKSON, Appellant.—Judgment, Supreme Court, New York County, rendered on May 14, 1975, unanimously affirmed. Application by appellant's counsel to withdraw as counsel granted (see *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833). No opinion. Concur—Lupiano, J. P., Birns, Silverman and Markewich, JJ.

■ In the Matter of SHAN FERRER, Respondent, v FRANCIS P. FERRER, Appellant. In the Matter of SHAN S. DE CLEMENTE, Respondent, v FRANCIS P. FERRER, Appellant.—Order and decision of Family Court, New York County, entered September 15, 1976, declaring section 516 of the Family Court Act to be unconstitutional and directing respondent father to pay $135 per week for the support of each child plus $600 a year for college tuition for one child, is unanimously reversed, on the law, without costs and without disbursements, and the matter is remanded to the Family Court for a hearing *de novo* before another Judge. The Family Court Judge on her own motion declared section 516 of the Family Court Act to be unconstitutional. (88 Misc 2d 165.) It was probably inappropriate for the Family Court Judge to determine the statute to be unconstitutional on her own motion. In any event, we think that even in the interests of the children, providing for support by putative fathers of children born out of wedlock presents a sufficiently different practical problem from support of children born in wedlock so as to justify a different statutory treatment for the two classes of children. Having determined that the statute was invalid, the Family Court Judge did not consider or take full evidence on the question of whether the agreement of support had been completely performed. Concur—Silverman, J. P., Evans, Lane and Markewich, JJ.