■ ALEXANDRA T. BACON, an Infant, by Her Mother, et al., Appellants, v VARICK BACON, Respondent.—Order, Supreme Court, New York County, entered June 15, 1977, granting defendant's motion to dismiss the complaint, unanimously modified, on the law, to the extent of striking therefrom the decretal paragraph dismissing the complaint, and substituting therefor a provision declaring that plaintiffs are not entitled to an increase in annual support payments and to the establishment of a fund for private schooling and for college for the infant plaintiff in excess of the amounts provided for in the agreement entered into between the parties and thereafter approved and confirmed by order of the court in accordance with subdivision (c) of section 516 of the Family Court Act, severing the claim of medical expenses incurred in connection with the infant plaintiff's corrective surgery, and, as so modified, affirmed, without costs or disbursements to either party. Since this was an action for declaratory judgment, the complaint should not have been dismissed merely because plaintiffs were not entitled to the declaration sought by them. The court at Special Term, instead of dismissing the complaint, should have made an appropriate declaration of the rights of the parties with respect to the subject matter of the litigation (Sweeney v Cannon, 30 NY2d 633; Lanza v Wagner, 11 NY2d 317, 334, app dsmd 371 US 74, cert den 371 US 901; Fhagen v Miller, 36 AD2d 926, affd 29 NY2d 348, cert den 409 US 845; Todaro v New York City Employees' Retirement System, 42 AD2d 887). Section 516 of the Family Court Act establishes the validity of agreements entered into between the mother of an illegitimate child and the putative father concerning the support of either the mother or the child and renders such agreements binding on both the mother and the child upon confirmation and approval by the court. In accordance with subdivision (c) of section 516, complete performance under the agreement bars the mother or child from other available remedies for the support or education of the child. This court has recently upheld the constitutionality of the statute in Ferrer v Ferrer (58 AD2d 529) wherein we held that provision for "support by putative fathers of children born out of wedlock presents a sufficiently different practical problem from support of children born in wedlock so as to justify a different statutory treatment for the two classes of children." The decision which we reached in Ferrer is dispositive of the legal issues raised on appeal here. Nor may our holding in Ferrer be distinguished by reason of the fact that in that case, the compromise agreement was entered into after an admission of paternity had been made, whereas here, the agreement was executed at a time when paternity was in dispute. As observed by Special Term, there exist a variety of valid reasons to uphold the procedure authorized by subdivision (c) of section 516. The statutory procedure eliminates the necessity of a contested paternity proceeding, with its significant procedural and substantive obstacles, including the inconclusive nature of scientific knowledge to establish paternity and the heavy burden imposed upon a petitioner in such a proceeding, requiring proof of a clear and convincing nature (Family Ct Act, § 531; Matter of Dorn "HH" v Lawrence "II", 31 NY2d 154). The statute also encourages putative fathers to enter into such compromise agreements by furnishing assurance that the father's adherence to the terms of the agreement will operate to bar the mother and child from other remedies for financial support. This, in turn, protects the societal interest by ensuring necessary support, thereby preventing the child from becoming a

public charge. On balance, the statutory provision is constitutional and has a rational basis to encourage and ensure necessary support and maintenance of illegitimate children during infancy. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sullivan, JJ.