■ CORTLAND MEMORIAL HOSPITAL, Appellant, v ROBERT P. WHALEN, as Commissioner of the Department of Health of the State of New York, et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered August 5, 1977 in Albany County, which denied plaintiff's motion for summary judgment and granted the cross motion of defendant Blue Cross of Central New York, Inc. (Blue Cross) for summary judgment. Plaintiff is a hospital which accepts Blue Cross subscribers as patients and is reimbursed for their care by Blue Cross. Pursuant to section 2807 of the Public Health Law, the reimbursement rates set by Blue Cross must be certified by the Commissioner of Health (Commissioner) and then approved by the Superintendent of Insurance (Superintendent). Since the Blue Cross plans use a prospective system of reimbursement, plaintiff's 1974 reimburse-

ment rate was computed by using the hospital's allowable costs for 1972 and applying economic indicators to project the hospital's costs for 1974. In light of the fact that the Federal Economic Stabilization Act (FESA) was due to expire in April of 1974, a "re-opener" clause was included in the 1974 contract between the hospital and Blue Cross. It provided that a midyear adjustment of the economic indicators used in determining the reimbursement rate "may be" necessary and that subject to certification by the Commissioner and approval by the Superintendent, Blue Cross "will consider" such a prospective midpoint adjustment. On January 28, 1974, plaintiff granted its employees a 5.5% wage increase which was the maximum increase permitted under FESA. After the expiration of that legislation, plaintiff granted a 9.79% wage increase on July 1, 1974 and a 6.27% increase on September 1, 1974. Since Blue Cross had set an 11% ceiling on wage increases for hospitals in the central New York area for 1974, only 5.5% of the wage increases which plaintiff granted from July of 1974 were recognized in the reimbursement formula which Blue Cross recommended to the Commissioner. Following certification of the recommended rate by the Commissioner and approval by the Superintendent, plaintiff appealed to the Rate Review Board of the Department of Health which upheld the previously established rate. Plaintiff then brought this action for declaratory judgment seeking a declaration that the imposition of an 11% ceiling on wage increases by Blue Cross was in violation of an agreement entered into between plaintiff and Blue Cross, and that the Commissioner and Superintendent acted arbitrarily in approving the reimbursement rate recommended by Blue Cross. Plaintiff appeals from the decision of Special Term which denied its motion for summary judgment and granted the cross motion of Blue Cross for summary judgment. Plaintiff's choice of a declaratory judgment action rather than an article 78 proceeding was correct since rate-making is legislative action which is not subject to article 78 review (see *Matter of Lakeland Water Dist. v Onondaga County Water Auth.*, 24 NY2d 400; *Matter of Severino v Ingraham*, 45 AD2d 564). In a declaratory judgment action, the rights of the parties must be declared either way and the action should not be dismissed merely because the plaintiff is not entitled to the declaration sought (*Lanza v Wagner*, 11 NY2d 317, 334; *Bacon v Bacon*, 61 AD2d 969). Plaintiff's first contention is that Blue Cross acted in violation of an agreement between itself and plaintiff when it recommended an 11% ceiling on wage increases for all hospitals in the central New York area rather than making recommendations on a hospital by hospital basis. This contention is without merit. The basis of any alleged agreement was a meeting on May 17, 1974 between the Hospital Association of New York State (HANYS), of which plaintiff was a member, and representatives from the seven upstate Blue Cross plans to discuss implementation of the "re-opener" clause and the midpoint adjustment. Special Term correctly noted that no binding contract was entered into by the parties. Moreover, even if there had been a binding agreement as a result of the meeting on May 17, 1974, it was the plaintiff who breached it. Reimbursement rate adjustments based on wage increases were supposed to be submitted to Blue Cross for approval before the higher wages were awarded. However, plaintiff granted wage increases in July and September of 1974 without Blue Cross making a precommitment to reimburse the hospital. Plaintiff also claims that the administrative actions taken in approving the 11% ceiling on reimbursement for wage increases were arbitrary and capricious. Subdivision 3 of section 2807 of the Public Health Law required the Commissioner to certify to the Superintendent that the proposed rate

schedules were "reasonably related to the costs of efficient production of such service." The statute further requires the Commissioner to consider several specific factors before making any certification. We believe that this language was inserted by the Legislature in order to prevent the Commissioner from giving rubber stamp approval to proposed rate schedules and to require the Commissioner to make an independent analysis of the recommended rates before certifying them to the Superintendent (see Governor's memorandum of approval, L 1969, ch 957; NY Legis Ann, 1969, p 564). We are disturbed by the fact that it appears that the Commissioner did not adhere to the statutory requirement before certifying the proposed rate schedule of Blue Cross in this matter. The Commissioner's certification seems to have been based on a letter from Blue Cross indicating that it had examined various economic indicators and believed the 11% ceiling to be fair. This is certainly not the independent analysis envisioned by the drafters of section 2807 of the Public Health Law. On the contrary, it bears a striking resemblance to the evil sought to be eliminated by that section. While we do not approve of such action, we are constrained by *Matter of Presbyterian Hosp. in City of N. Y. v Ingraham* (39 NY2d 867) wherein the Court of Appeals cautioned courts against substituting their own judgment in reimbursement rate determinations. Since additional data supporting the 11% ceiling was presented to the Commissioner and Rate Review Board before the administrative determination became final, we cannot say that the rate schedule approved was irrational and, accordingly, it must be upheld *(Matter of Presbyterian Hosp. in City of N. Y. v Ingraham, supra,* p 869). Plaintiff's other arguments have been examined and found to be without merit. Order modified, on the law, to the extent of striking therefrom the decretal paragraph dismissing the complaint, and substituting therefor a provision declaring that the rate increase proposed by Blue Cross of Central New York, Inc., was not in violation of any agreement and that the Commissioner of the Department of Health and the Superintendent of Insurance did not act arbitrarily in approving such increase, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Main, JJ., concur.