OPINION OF THE COURT

Per Curiam.

The order of the Appellate Division should be affirmed, with costs.
Section 516 of the Family Court Act permits a mother and putative father, upon fulfillment of certain requirements, to enter into a binding agreement for the support of their out-of-wedlock child. Complete performance of such an agreement "bars other remedies of the mother or child for the support and education of the child” (Family Ct Act, § 516, subd c). Because this rule differs from the principles governing support of legitimate children, plaintiffs mother and child claim the statute is constitutionally infirm on equal protection grounds.
Not every legislatively created classification runs afoul of the constitutional guarantee of equal protection of the laws (see, e.g., Montgomery v Daniels, 38 NY2d 41, 63). Statutory classifications premised upon illegitimacy will withstand judicial scrutiny so long as they are "substantially related to permissible state interests” (Lalli v Lalli, 439 US 259, affg 43 NY2d 65; see Trimble v Gordon, 430 US 762). Measured *480 against this standard, section 516 is unquestionably valid.
At least two important and legitimate ends are fostered by the challenged legislation. Initially, the statute encourages putative fathers to settle paternity claims, thereby reducing the necessity for legal proceedings. Certainty as to the father’s future obligation is achieved by affording the settlement agreement binding effect. Yet, the interests of the child and mother are protected by the requirement that the agreement be judicially reviewed and approved. Moreover, since the statute does not mandate or prohibit the inclusion of any particular term in the contract, the parties are free to make the agreement modifiable and thus provide for unforeseen contingencies.
More important, the challenged statute helps to ensure that the child will not be without support from his father. Paternity proceedings have traditionally involved complex and difficult problems of proof, and uncertainty as to the outcome is ever present (see, e.g., Trimble v Gordon, supra, at p 771; Gomez v Perez, 409 US 535, 538). By furnishing an incentive to settle, the statute serves to prevent the illegitimate child’s support from becoming lost in the intricacies of the adjudicatory process. The statute is thus related, in a substantial respect, to permissible and salutary governmental interests and represents a balanced approach to the sensitive problem it addresses.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in Per Curiam opinion.
Order affirmed.