■ NEW YORK CRIMINAL & CIVIL COURTS BAR ASSOCIATION et al., Appellants, v STATE OF NEW YORK et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered June 30, 1978 in Albany County, which denied plaintiffs' application for a preliminary injunction and granted defendants' motions to dismiss the complaint. Plaintiffs commenced this action to obtain, *inter alia,* a judgment declaring null and void the amendment to article VI of the Constitution of the State of New York relating to the manner of selecting Judges of the Court of Appeals which was approved by the voters of this State at the general election held on November 8, 1977. This amendment was one of three which were approved by the voters at that election, the other two amendments relating to the creation of a commission on judicial conduct and the administration of a unified court system. By way of an order to show cause dated April 6, 1978, plaintiffs made application for a preliminary injunction to enjoin the implementation of the amendment relating to selection of Judges of the Court of Appeals. Special Term denied this application and granted defendants' motions to dismiss the complaint. Plaintiffs, in urging that the amendment relating to selection of Judges of the Court of Appeals is invalid, raise three contentions on this appeal: (1) the 1976 Legislature intended that the three amendments be submitted to the electorate as a single package and the 1977 Legislature improperly submitted the three amendments to the electorate to be voted on separately; (2) the manner in which the amendments appeared on the ballot violated section 68 [presently § 4-108] of the Election Law in that the purpose and effect of the amendments did not appear on the ballot; and (3) the amendments were printed on the ballots in English only, in violation of the 1975 Voting Rights Extension Act (US Code, tit 42, § 1973aa-1a, subd [b]). The Court of Appeals has already held that the three amendments to the State Constitution approved at the general election held on November 8, 1977 were validly approved and became part of the Constitution of the State of New York on January 1, 1978 *(Frank v State of New York,* 44 NY2d 687). We find this decision to be controlling on the issues raised on this appeal. Moreover, even if we were not bound by the holding in *Frank v State of New York (supra),* the record indicates that the manner in which the amendments were submitted to the voters for their approval was in full compliance with all applicable Federal and State law. However, since plaintiffs sought a declaratory judgment in their action, Special Term was incorrect in dismissing the complaint and should have declared the rights of the parties *(Cortland Mem. Hosp. v Whalen,* 67 AD2d 1020). Accordingly, the order of Special Term must be modified. Order modified, on the law, to the extent of striking therefrom the decretal paragraph dismissing the complaint, and substituting therefor a

provision declaring that the amendment to the New York State Constitution relating to the manner of selecting Judges of the Court of Appeals approved at the general election held on November 8, 1977 was validly approved, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.