OPINION OF THE COURT
Kevin C. Fogarty, J.
The sole issue before the court is the approval of an agreement between the parties pursuant to section 516 of the Family Court Act.
On June 8, 1982, the parties entered into an agreement in court pertaining to the support, education, and maintenance of Bruce Robert R., born on December 5, 1976. An order of filiation was previously entered by the court after an extensive hearing on February 26,1980. The agreement provides that the respondent shall pay to the petitioner $19,000 for the full support and maintenance of the child including unforeseen accidents, serious illness, or otherwise. In addition, counsel fees of $2,000 will be paid by the respondent directly to the petitioner’s attorney. The Commissioner of Social Services has advised the court that he has no objection to the agreement.
Section 516 of the Family Court Act reads as follows:
*378 “(a) An agreement or compromise made by the mother or by some authorized person on behalf of either the mother or child concerning the support of either is binding upon the mother and child only when the court determines that adequate provision has been made and is fully secured and approves said agreement or compromise.
“(b) No agreement or compromise under this section shall be approved until notice and opportunity to be heard are given to the public welfare official of the county, city or town where the mother resides or the child is found.
“(c) The complete performance of the agreement or compromise, when so approved, bars other remedies of the mother or child for the support and education of the child.”
The statutory mandate placed upon the court is clear: the court may approve an agreement only when it has determined that adequate provision for the support of the child has been made.
The most recent Court of Appeals decision dealing with child support has held that a child’s right to receive adequate support can be modified simply if a change of circumstances is demonstrated. (Matter of Brescia v Fitts, 56 NY2d 132.) As subdivision (c) of section 516 bars any other remedies for the support and education of the child, there is a serious question as to whether or not any agreement pursuant to this statute would be viable.
The United States Supreme Court this term has reiterated in Mills v Habluetzel (456 US 91), that a statute which grants an opportunity for legitimate children to obtain parental support must also grant that opportunity to illegitimate children. Citing Gomez v Perez (409 US 535), the court stated (p __): “If Gomez and the equal protection principles which underlie it are to have any meaning, it is clear that the support opportunity provided by the State to illegitimate children must be more than illusory.”
This court is aware that in Bacon v Bacon (46 NY2d 477), the Court of Appeals upheld the constitutionality of section 516 of the Family Court Act. However, two elements distinguish that holding from the present case. First, Bacon dealt with an agreement entered into prior to any *379 finding of paternity and so prior to the establishing of any rights of the parties. In such a circumstance, the compromise agreement could be a viable exercise of discretion by the parties wherein a settlement such as section 516 of the Family Court Act contemplates would be valid as an encouragement to settlement of paternity suits.[2]
Second, Bacon (supra) was premised on the finding that “Paternity proceedings have traditionally involved complex and difficult problems of proof, and uncertainty as to the outcome is ever present”. (46 NY2d, at p 480.) With the amendment of section 532 of the Family Court Act in 1981 to permit the admissibility into evidence of the results of the human leucocyte antigen blood tissue test, the problems addressed by the Court of Appeals have virtually been eliminated in paternity proceedings. As paternity can be established to a near scientific certainty, much of the doubt as far as ascertaining the biological father of a child has been removed. (See Matter of Reid v White, 112 Misc 2d 294, 296-297; Little v Streater, 452 US 1.)
It is, of course, conceivable that a valid agreement can be reached between the parties, as the Court of Appeals noted “since the statute does not mandate or prohibit the inclusion of any particular term in the contract, the parties are free to make the agreement modifiable and thus provide for unforeseen contingencies.” (Bacon v Bacon, supra, at p 480.)
The agreement before this court is between a respondent who is an anesthesiologist, who earned approximately $163,000 in his first year of practice as evidenced by his affidavit in a prior support hearing in September, 1981. Though his counsel says that he is now in experimental medicine and his income is lower, it is still above a subsistence level.
The petitioner is a nurse whose income in 1980 was approximately $378 bi-weekly net or $819 monthly net. In *380 1981, she claimed that her expenses for herself and the child were $1,075 per month.
No great mathematical mind is required in order to view the $19,000 in its true context. First, the total amount can be earned by the respondent in under two months; and second, the child is being given barely $1,200 per year until age 21 for his full support, maintenance and education. This amount when added to the mother’s income would not meet her claimed expenses. At present, there is an outstanding temporary order of support which provides the child with $65 per week, or an annual sum of $3,380. In other words, the parties are asking the court to approve an agreement providing the child with approximately $2,000 less per year than the court’s minimum support order. The parties are reminded that the court’s decision and order of September 8, 1981, which directed the respondent to pay $598.50 per month ($7,182 per year) for the support of the child, was reversed on procedural and not substantive grounds.
The Commissioner of Social Services has acquiesced to this agreement without a hearing or any examination of the parties. By application of a formula for minimum welfare benefits, he has joined in relegating this child to a subsistence level of care and support should anything happen to his mother. This court cannot approve an agreement such as this one. The court cannot stand idle while a five-year-old child loses the better standard of living to which he is justly entitled simply because the parties want the case concluded.
The matter is set down for a hearing on the needs of the child and the parties’ ability to meet these needs on July 29, 1982 in Part V unless the parties have reached an agreement which provides for future needs and contingencies.

. The Appellate Division in its Bacon decision (61 AD2d 969) had by dicta noted that the decision was taken in light of Matter of Ferrer v Ferrer (58 AD2d 529), and that there was no distinction to be made between agreements prior to filiation order or after. However, this point was not passed on by the Court of Appeals in its decision.