Matter of Ilene P.V. v Felix V. (2004 NY Slip Op 24094)

Matter of Ilene P.V. v Felix V.

2004 NY Slip Op 24094 [3 Misc 3d 759]

March 29, 2004

Family Court, Orange County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 23, 2004

[*1]
In the Matter of Ilene P.V., Petitioner,
v
Felix V., Respondent.
Family Court, Orange County, March 29, 2004

APPEARANCES OF COUNSEL

Greenwald Law Offices (Erno Poll of counsel), for petitioner. Dominique Manpel-Scianna for respondent.
{**3 Misc 3d at 759} OPINION OF THE COURT

Andrew P. Bivona, J.
The above-named petitioner filed a petition sworn to on September 26, 2003 seeking to modify an order set pursuant to Family {**3 Misc 3d at 760}Court Act § 516. The order was based on a compromise agreement for support of the subject child who was born out of wedlock. Respondent appeared before a support magistrate of this court with counsel, Dominique Manpel-Scianna, Esq., and denied the allegations of the petition. Respondent's counsel then filed a motion to dismiss the proceeding. Petitioner's counsel, Erno Poll, Esq., of counsel to the Greenwald Law Office, opposed the motion. The Support Magistrate, Honorable Gladys Braxton, granted the application by way of order on motion dated January 28, 2004 and dismissed the proceeding.
Specific written objections to said order of support were timely filed with this court by petitioner after entry of said order. This court has reviewed the objections filed herein, the rebuttal filed by respondent and the contents of the court's file.
Now, after examination and inquiry into the facts and circumstances of the case, it is hereby ordered that the order on motion of the support magistrate dated January 28, 2004 is hereby vacated and the matter is remanded to the support magistrate for a hearing.
The parties hereto are the parents of a male child born out of wedlock on September 8, 1986. On March 8, 1988, with benefit of counsel, the parties entered into a compromise agreement under Family Court Act § 516 wherein the respondent acknowledged paternity and agreed to a structured payout where he would pay a total of $45,000 as and for support for the subject child. The first $20,000 was to be paid within four months of the date the parties [*2]placed their agreement on the record and the remaining $25,000 was to be paid by $5,000 installments over the next five years. There are no allegations that the payments have not been made as agreed.
The compromise agreement was placed on the record before the Honorable Elaine Slobod in the Family Court. Judge Slobod took the admission of paternity and meticulously allocuted the parties regarding their understanding of the paternity admission and the compromise agreement as placed on the record and the circumstances surrounding the entry into the agreement. However, no inquiry was made as to whether or not adequate provision had been made for the child (Family Ct Act § 516 [a]).
The underlying action is for a modification of the compromise agreement and requests a contribution for educational expenses as the subject child wishes to attend college. The petitioner avers that she cannot afford to send the child to college without additional support from the child's father. The father opposes the {**3 Misc 3d at 761}application and states that the compromise agreement that the parties entered into in 1988 is a bar to the application.
Under Family Court Act § 516, a compromise agreement will bar all future actions for support if the provisions of the statute are complied with to the letter of the law (Bacon v Bacon, 46 NY2d 477 [1979]). However, if the statutory provisions are not strictly complied with, the compromise agreement will not act as a bar as the Court of Appeals held in Matter of Clara C. v William L. (96 NY2d 244 [2001]).
The fact pattern of the underlying case is remarkably similar to the facts in the New York State Court of Appeals landmark decision of Clara C. v William L. (supra). In that case, a child had been born out of wedlock in 1983 and the parties had entered into a compromise agreement after the mother had commenced paternity proceedings in 1986. As in the underlying matter, the child's mother subsequently brought an application for increased support stating that the child's educational needs could not be met. While the parties in that case had not been allocuted as to the terms of the agreement or the circumstances under which the agreement had been entered into, the case did not turn on that point.
The Court of Appeals determined that the Family Court Judge who approved the compromise agreement had not made inquiry as to whether the terms of the compromise agreement made adequate provision for the child. The Court of Appeals held that since no inquiry had been made as to the adequacy of the support provisions for the child, Family Court Act § 516 (c) could not be invoked as a bar to the application for increased support (id. at 250).
As noted in Clara C. v William L., when the Legislature created Family Court Act § 516, it adopted the provisions of the former applicable statute (Domestic Relations Law § 121). That statute specifically provided that the court review the adequacy of compromise agreements out of concerns that the settlements entered into for out of wedlock children were inadequate (id. at 249). Additionally, the Court noted, that there was concern by the Legislature that the interests of the mother were not necessarily the same as the child's and the mother could contract away the child's right to adequate support.
The Court of Appeals noted in Clara C. v William L. (at 250) that Family Court Act § 516 does not set forth a standard for the courts to use when attempting to determine whether or not the support provisions of the compromise agreement are adequate.{**3 Misc 3d at 762} However, citing previous cases, the Court determined that the courts had looked at "the parties' financial positions, the [*3]child's support and educational needs throughout childhood and the interests of the State" (id. at 250). In addition, the Court held that "a court must determine the fairness and adequacy of a proposed agreement before approving it (Family Ct Act § 516 [a]). Absent judicial review and approval, the agreement will not be enforced to preclude a later modification of support." (Id. at 250.)
In 1982 the issue of adequate support was addressed in Matter of Carmen V. v Bruce R. (115 Misc 2d 377 [1982]). In that case the mother, a nurse, made $819 a month, and the father, an anesthesiologist, had made $163,000 in his first year of practice. For the purposes of a compromise agreement under Family Court Act § 516, the parties had agreed to an amount of child support in the amount of $19,000. The court found that amount to be inadequate in view of the income of the father and refused to approve the compromise agreement.
In the underlying matter no inquiry was made as to the adequacy of the support for the child at the time the compromise agreement was placed on the record. Therefore, as in Clara C. v William L., the respondent may not invoke the protection of Family Court Act § 516. Accordingly, the matter must be remitted to the hearing examiner to determine whether an increased support order is necessary to meet the child's educational needs.