BOYLES v BROWN

1. BASTARDS—JURISDICTION—CHILD SUPPORT—MODIFICATION OF JUDG-
   MENTS—STATUTES.

   Support judgments in paternity cases may be modified until such
   time as the judgment has been completely satisfied; until such
   time the court shall have continuing jurisdiction over proceed-
   ings brought under the paternity act to increase or decrease
   the amount fixed by an order of filiation (MCLA 722.711 *et seq.*,
   722.720; MSA 25.491 *et seq.*, 25.500).

2. BASTARDS—PUBLIC POLICY—MODIFICATION OF JUDGMENTS.

   Equality of treatment between legitimate and illegitimate chil-
   dren is not contrary to the public policy of this state; it is the
   public policy of this state to treat children born out of wedlock
   as no less deserving of an order for modification of support
   than those children born in wedlock.

3. BASTARDS—INVIDIOUS DISCRIMINATION.

   A state may not invidiously discriminate against illegitimate
   children by denying them substantial benefits accorded to
   children generally; therefore, when a state has accorded a
   substantial benefit to children born in wedlock by providing
   statutory procedures for the modification of support judgment,
   the state is compelled to accord the same benefit to children
   born out of wedlock.

Appeal from Oakland, William R. Beasley, J.
Submitted May 6, 1976, at Lansing. (Docket No.
25261.) Decided June 15, 1976.

Complaint by Margaret Boyles against William
Brown for an order of filiation and support. Judg-
ment for plaintiff. Plaintiff moved for modification

REFERENCES FOR POINTS IN HEADNOTES
[1] 10 Am Jur 2d, Bastards § 126 *et seq.*
[2, 3] 10 Am Jur 2d, Bastards § 133 *et seq.*

of the judgment. Denied. Rehearing denied. Plaintiff appeals. Reversed and remanded.

*Dinan, Schenden & Schaden, P. C.* (by *Philip G. Ingraham),* for plaintiff.

*Temple & Cutler,* for defendant.

Before: J. H. Gillis, P. J., and M. F. Cavanagh and McGregor,* JJ.

McGregor, J. The plaintiff appeals from a denial of her motion for modification of a judgment of filiation and support by the Oakland County Circuit Court on May 7, 1975, and from the subsequent June 4, 1975 denial of her motion for rehearing. This appeal is of right. *Boyles v Brown,* 396 Mich 97, 98; 237 NW2d 474 (1976).

By an order entered November 20, 1970, the defendant in this case acknowledged paternity of the child in question, and agreed to provide $15 per week in support until the child reached eighteen or until further order of the court. The mother of the child subsequently instituted this action claiming that the cost of supporting the child had increased, and that defendant was earning substantially more money than at the time of the original judgment. In denying plaintiff's petition, the circuit court did not find that the petition was without legal merit. Rather, he based his denial on a belief that "public policy" did not permit modifications of support for illegitimate children, although he recognized that Michigan permits such modification in divorce situations involving legitimate children.

We find that this decision was erroneous. The

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Michigan paternity act, MCLA 722.711 *et seq.;* MSA 25.491 *et seq.,* is designed to provide for the support of an illegitimate child. The act details the procedure to be followed in paternity actions. In § 7, MCLA 722.717; MSA 25.497, it mandates that, when the court enters an order of filiation against the father, "The order * * * shall specify the sum to be paid weekly or otherwise, until the child reaches the age of 18". MCLA 722.717(b); MSA 25.497(b). Section 10 of the act then provides the authority which the trial court claimed it did not possess in the instant case:

"Until the judgment of the court has been completely satisfied, the court shall have continuing jurisdiction over proceedings brought under this act to increase or decrease the amount fixed by the order of filiation and to change the custody of the child." MCLA 722.720; MSA 25.500.

An amendment to § 10, 1971 PA 118, § 1, further manifests a legislative intent that the court possess not only a power to modify support orders but a responsibility to oversee the needs of the illegitimate during his minority. Section 10a, MCLA 722.720a; MSA 25.500(1), requires that:

"(a) The friend of the court shall examine all records and files in paternity actions where orders of filiation have been entered requiring payments for the support and education of a child and conduct other investigation necessary to ascertain if the payments are sufficient in view of changing economic conditions and the financial condition of the parents or child, * * * .

"(b) The friend of the court shall petition the court for modification of the order of filiation when he deems it to be in the interest of the child or the public."

Relevant case law further belies the trial court's

belief that equality of treatment between legitimate and illegitimate children is contrary to public policy. In *Whybra v Gustafson,* 365 Mich 396; 112 NW2d 503 (1961), our Supreme Court announced a public policy of this state to treat children born out of wedlock as no less deserving of support than those children born in wedlock. The Court stated that, "[i]n terms of need for support and education, we see no difference between children born in and out of wedlock". *Id.* at 400. Although *Whybra* concerned itself with arbitrary classification in the context of ordering less support for illegitimate children in the original decree, we are satisfied that its rationale applies with equal force to the modification of support.

More recently, the United States Supreme Court, in *Gomez v Perez,* 409 US 535; 93 S Ct 872; 35 L Ed 2d 56 (1973), found disparate statutory treatment between legitimate and illegitimate children to be constitutionally invalid. The *Gomez* decision held that the laws of Texas could not constitutionally grant legitimate children a judicially enforceable right to support from their natural fathers while denying the same right to illegitimate children. In so holding, the Court reaffirmed earlier decisions which concluded that "a State may not invidiously discriminate against illegitimate children by denying them substantial benefits accorded children generally". *Id.* at 538. See also, Krause, *Equal Protection For The Illegitimate,* 65 Mich L Rev 477 (1967).

Michigan has accorded a substantial benefit to children born in wedlock by providing for statutory procedures to modify support in divorce or separation cases. See MCLA 552.17; MSA 25.97, MCLA 552.252a; MSA 25.172(1) and MCLA 552.455; MSA 25.222(5). Although the paternity

act provides no explicit procedure for modifying support provisions, its clear language, bolstered by judicial mandate, compels us to accord the same benefit to children born out of wedlock, *viz.,* the right to petition the court for a change in support based on altered circumstances.

We make no decision as to the merits of plaintiff's claim for modification of the support order. The proper level of support is to be determined by the trial court pursuant to an evidentiary hearing at which relevant changes in circumstances of both parties will be explored.

Reversed and remanded for proceedings consistent with this opinion. Costs to plaintiff.