VAN LAAR v ROZEMA

Docket No. 78-4438. Submitted June 6, 1979, at Grand Rapids.—
    Decided January 3, 1980.

Leanne Van Laar brought an action against Thomas Rozema
    alleging that the defendant was the father of the plaintiff's
    child and praying for an order of filiation. A judgment was
    entered confirming a compromise settlement stipulated to by
    the parties, Kent Circuit Court. The judgment confirming the
    compromise agreement did not reflect an acknowledgment of
    paternity by the defendant, nor does the record reflect such an
    acknowledgment. In 1978, the plaintiff moved to amend the
    judgment to increase the support payments. The circuit court,
    George V. Boucher, J., denied the motion ruling that it was
    without the power to modify this type of consent judgment. The
    plaintiff appeals. *Held:*

    The Paternity Act permits the mother and the putative
    father of an illegitimate child to reach an agreement or com-
    promise for the support and education of the illegitimate child
    in lieu of proceeding to trial on the issue of paternity. Once
    such an agreement has been signed, the mother's or child's
    remedies for support or education are restricted. However, the
    intent of the act is to compel and provide support of children
    born out of wedlock. It is not necessary to decide the issue of
    whether support agreements involving illegitimate children
    who are not the subject of orders of filiation are always modifia-
    ble by the showing of need in order to determine that the
    judgment in this case was modifiable by the court. The trial
    court, in its judgment confirming the compromise agreement
    reached by the parties, ordered the defendant to pay $65 per
    month in support until the child attains 18 years of age, or
    graduates from high school whichever occurs last, *or until
    further order of the court.* Such language in the support
    agreement gave the trial court continuing jurisdiction to make

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 10 Am Jur 2d, Bastards § 98.
    Validity and construction of putative father's promise to support or
        provide for illegitimate child. 20 ALR3d 500.
[2, 3] 10 Am Jur 2d, Bastards § 131.

modifications in the support agreement and put the parties on notice that such modifications were a possibility.

Reversed and remanded for an evidentiary hearing to determine changed circumstances and the proper level of support.

1. Bastards — Child Support — Paternity — Compromise Agreements — Paternity Act — Statutes.

The Paternity Act allows the mother of an illegitimate child and the putative father to reach an agreement or compromise for the support and education of the child in lieu of proceeding to trial on the paternity issue; the act restricts the mother's or the child's remedies for support once the agreement has been performed (MCL 722.713; MSA 25.493).

2. Bastards — Jurisdiction — Child Support — Modification of Judgments — Statutes.

Support judgments in paternity cases may be modified until such time as the judgment has been completely satisfied; until such time the court shall have continuing jurisdiction over proceedings brought under the Paternity Act to increase or decrease the amount fixed by an order of filiation (MCL 722.720; MSA 25.500).

3. Bastards — Judgments — Child Support — Modification of Judgment.

A trial court which had entered a judgment confirming a compromise agreement between the mother of an illegitimate child and the putative father had continuing jurisdiction to make modifications in the support agreement, even though paternity was never acknowledged by the putative father, where the father was ordered to pay support of a certain amount until the child "reaches 18 years of age * * * *or until further order of the court".*

4. Parent and Child — Child Support — Bastards — Compromise Agreements — Statutes.

Support agreements which purport to sign away the rights of a child are viewed by the Court of Appeals with disfavor, particularly when the result of such an agreement may be that the child becomes a public charge; the Legislature, in allowing the mother of an illegitimate child and the putative father to enter into a compromise agreement for the support of the child, intended to allow such agreements only where adequate provision for the child is secured (MCL 722.713; MSA 25.493).

Legal Aid of Western Michigan (by *Gary N. Gershon* and *Diann J. Landers),* for plaintiff.

*Milanowski & Milanowski,* for defendant.

Before: R. B. BURNS, P.J., and D. E. HOLBROOK, JR., and B. D. BURDICK,* JJ.

B. D. BURDICK, J. Plaintiff filed a complaint alleging that the defendant was the father of her child and prayed for an order of filiation. In March, 1975, plaintiff and defendant stipulated to a settlement. The record in this case contains neither a transcript of these stipulations nor any written stipulations signed by the parties. Pursuant to a judgment confirming the settlement, defendant was ordered to pay $65 per month child support, to reimburse plaintiff for medical bills incurred by the child's delivery and medical care, to maintain a $10,000 life insurance policy in favor of the child, and to pay attorney fees, costs, and friend of the court charges. The judgment confirming the compromise agreement did not reflect an acknowledgment of paternity by defendant and defendant does not appear to have made such an acknowledgment elsewhere.

In August, 1978, plaintiff moved to amend the judgment to increase support. Plaintiff's motion was denied at the close of a hearing on the motion because the trial court ruled that it was without power to modify this type of consent judgment. Plaintiff appeals as of right.

The plaintiff argues that the trial court did have the power to modify the compromise agreement for support entered into between the parties to this paternity action even though paternity had

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

not been specifically acknowledged. The issue of whether an order confirming a compromise agreement for child support, which does not specifically acknowledge paternity, may be modified by the court upon a showing of need, is one of first impression in Michigan.

Section 3 of the Paternity Act, 1956 PA 205, MCL 722.711 *et seq.;* MSA 25.491 *et seq.,* permits the mother and putative father to reach an agreement or compromise for the support and education of an illegitimate child in lieu of proceeding to trial on the paternity issue:

"Sec. 3. (a) An agreement or compromise made by the mother or child or by some authorized person on their behalf with the father concerning the support and education of the child shall be binding upon the mother and the child only when the court having jurisdiction to compel support and education of the child shall have determined. that adequate provision is reasonably secured by payment or otherwise and has approved the agreement or compromise." MCL 722.713(a); MSA 25.493(a).

MCL 722.713(b); MSA 25.493(b) restricts the mother's or child's remedies for support and education once the agreement has been performed:

"(b) The performance of the agreement or compromise, when so approved, shall bar other remedies of the mother or child for the support and education of the child."

The operation of the statute in this case must be determined in light of the legislative intent behind the statute. *Frost-Pack Distributing Co v Grand Rapids,* 399 Mich 664, 683; 252 NW2d 747 (1977). The easily discernible intent behind this statute is to provide support for illegitimate children. *Why-*

*bra v Gustafson,* 365 Mich 396, 400; 112 NW2d 503 (1961), *Boyles v Brown,* 69 Mich App 480; 245 NW2d 100 (1976). This intent is initially expressed in the act's preamble: "AN ACT * * * to compel and provide support of children born out of wedlock."

The case law in this area clearly allows for court ordered increases in child support payments, upon a showing of need, in spite of contrary agreements between the parties in cases involving legitimate children or illegitimate children who are the subject of orders of filiation. *Boyles v Brown,* 69 Mich App 480; 245 NW2d 100 (1976), MCL 722.720; MSA 25.500, *Ebel v Brown,* 70 Mich App 705, 709; 246 NW2d 379 (1976).

This Court need not decide whether support agreements involving illegitimate children, who are not the subject of orders of filiation, are always modifiable by the court upon a showing of need. On the facts of this case, however, the judgment confirming the compromise agreement was subject to modification by the court.

The trial court, in confirming the agreement in this case, was required to determine that adequate provision for the child was reasonably secured. MCL 722.713(a); MSA 25.493(a). In so doing the court ordered the defendant to pay $65 per month in support until the child attains 18 years of age, or graduates from high school, whichever occurs last, *or until further order of the court.*[1] The presence of this language in the support agreement gave the court continuing jurisdiction to

---

[1] "The New York Court of Appeals in *Bacon v Bacon,* 46 NY2d 477, 480; 386 NE2d 1327; 414 NYS2d 307 (1979), discussed a statute similar to ours and stated:

"the statute does not mandate or prohibit the inclusion of any particular term in the contract, the parties are free to make the agreement modifiable and thus provide for unforeseen contingencies."

make modifications in the support agreement and put the parties on notice that such modifications were a possibility. Thus, the trial court was not without power to modify this order upon a showing of need on the part of the child.

From a policy standpoint, this Court has taken a dim view of agreements purporting to sign away the rights of a child, particularly when the result of such an agreement may be that the child becomes a public charge, as in this case. *Ebel v Brown, supra,* 709, *Ballard v Ballard,* 40 Mich App 37; 198 NW2d 451 (1972). The legislative intent to allow compromise agreements for the support of illegitimate children only if adequate provision for the child is secured is evident from the requirements of MCL 722.713; MSA 25.493. In view of these considerations, this Court will not construe the language in the instant order, providing for a further order by the court, as solely providing a limiting factor for the period of support. If this language were read as a limiting factor only for the period of support, the defendant would be able to petition the court for termination of the support payments upon a showing of decreased need on the part of the child, but the court would have no power of modification upon a showing of increased need on the part of the child. Such a decision would not be in keeping with the intent of the Paternity Act in protecting the interests of, and providing support for, illegitimate children.

Accordingly, it is the opinion of this Court that the trial court had the power to modify this support agreement, as to the period or amount of payments, upon a showing of need. We make no decision, however, as to the merits of the plaintiff's claim for modification. This matter is remanded to

the trial court for an evidentiary hearing to determine changed circumstances and the proper level of support.

Reversed and remanded.