## HISAW v HAYES

Docket No. 61438. Submitted July 21, 1983, at Lansing.—Decided April 16, 1984.

In 1974, Patricia Ann Hisaw brought a paternity suit in Genesee Circuit Court against Bruce A. Hayes. Hisaw and Hayes entered into a settlement whereby Hayes, while not admitting paternity, agreed to pay Hisaw $1,500 at the rate of $5 per week plus certain statutory fees. The court, Thomas C. Yeotis, J., in January, 1974, approved the settlement and entered an order of judgment incorporating the stipulation. In 1979, the Genesee County Friend of the Court sought an order modifying the support obligation of Hayes. At the time of the hearing on the motion to amend the obligation, Hayes had paid $1,409 of the $1,420 then due, however certain of the payments had been made a few days late. Earl E. Borradaile, J., held that Hayes had failed to perform the settlement and, therefore, the settlement was not binding and ordered that the support obligation be altered to require Hayes to pay $45 per week until the child reached the age of majority. Hayes moved for a rehearing, which was denied. Hayes appeals by leave granted. *Held:*

1. A court approved paternity settlement is in the nature of a contract and is governed by legal principles applicable to contracts.

2. Rescission of a contract is permissible only for a substantial or material breach. Neither the arrearage of $11 nor the few untimely payments at issue here can be said to constitute a substantial or material breach of the settlement agreement. The trial court, accordingly, erred in its finding that defendant failed to perform the settlement and that, therefore, the settlement was not binding.

3. The rescission of a paternity settlement, as with any other

REFERENCES FOR POINTS IN HEADNOTES

[1-4, 6] 10 Am Jur 2d, Bastards § 98.

[2] 15A Am Jur 2d, Compromise and Settlement §§ 35, 38.

[4] 16A Am Jur 2d, Constitutional Law §§ 744, 791.

Discrimination on basis of illegitimacy as denial of constitutional rights. 38 ALR3d 613.

[5] 73 Am Jur 2d, Statutes § 257.

contractual obligation, ordinarily requires that the rescinding party restore the other party to substantially the same position that the other party occupied before the contractual relationship. Since Hayes, prior to the settlement, had the right to litigate the question of his paternity and gave up that right in exchange for the surrender by Hisaw and her child of their claim to support in excess of the agreed-upon amount, the trial court's modification of the level of support had the effect of requiring Hayes to pay a level of support for which he had not bargained, while holding him to be bound by his surrender of his right to litigate the question of his paternity and, therefore, the question of whether he had any obligation to provide support.

4. It is not a denial of equal protection of the law to treat the question of the modification of a paternity settlement differently from the modification of an award of child support involving a father and his legitimate child, because a paternity settlement involves the relinquishment of the putative father's right to litigate the question of paternity and his attendant obligation to pay child support.

5. Since the settlement had not been satisfied, and since Hisaw alleges that the court, at the time of the approval of the settlement, failed to make the statutorily required finding that the settlement made adequate provision for the support and education of the child, the court could still rescind the settlement agreement on the basis of the failure of the settlement to satisfy the statutory requirement. If the trial court rescinds the settlement on that basis, the court must afford Hayes the opportunity to litigate the question of his paternity.

Reversed and remanded.

1. CHILDREN BORN OUT OF WEDLOCK — CHILD SUPPORT — PATERNITY — SETTLEMENTS.

The Paternity Act allows the mother of a child born out of wedlock and the putative father to enter into a settlement providing for the support and education of the child in lieu of proceeding to trial on the paternity issue; when such settlement has been approved by the court, the settlement bars other remedies of the mother and child once the settlement agreement has been performed (MCL 722.713; MSA 25.493).

2. CHILDREN BORN OUT OF WEDLOCK — CHILD SUPPORT — PATERNITY — SETTLEMENTS — CONTRACTS — RESCISSION OF CONTRACTS.

A court approved settlement in a paternity action is in the nature of a contract and is governed by the legal principles

applicable to contracts; accordingly, such a settlement may not be rescinded unless there has been a substantial or material breach of the settlement provisions.

3. Children Born out of Wedlock — Child Support — Paternity — Settlements — Modification of Settlements.

A trial court may not properly modify the support provisions of a court approved support settlement in a paternity action where such settlement was reached as a result of the putative father's relinquishing of his right for a judicial determination of the question of his paternity, since to permit modification of the amount of support provided for in the settlement would deprive the putative father of the benefit of the bargained-for exchange, the surrender of his right to litigate the question of paternity in exchange for payment of an agreed-upon level of support.

4. Children Born out of Wedlock — Child Support — Paternity — Settlements — Modification of Settlements — Equal Protection.

It is not a denial of the constitutional right to equal protection of the law to permit a court to increase the level of child support to be paid by a natural father for his legitimate children while restricting the right of a court to modify a court approved settlement in a paternity action, since as to a paternity settlement the level of support is the bargained-for consideration for the putative father's relinquishment of the right to litigate the question of his paternity and, therefore, his obligation to support the child; rescission of the settlement rather than modification of its terms is the only appropriate judicial remedy.

5. Statutes — Judicial Construction.

A specific statute prevails over a general statute dealing with the same subject matter.

6. Children Born out of Wedlock — Child Support — Paternity — Settlements.

A court may set aside a paternity action settlement agreement where, prior to complete performance of the agreement, the settlement is attacked on the ground that the record fails to establish that the court, in approving the settlement, determined whether the settlement made adequate provision for the support and education of the child; upon setting aside such a settlement, the trial court must permit the putative father the opportunity to litigate the question of his paternity.

*Philip J. Olson, II,* for plaintiff.

*Harry S. Sherwin,* for defendant.

Before: BEASLEY, P.J., and ALLEN and G. R. DE-
NEWETH,* JJ.

G. R. DENEWETH, J. In this paternity action,
defendant appeals by leave granted from the de-
nial of a rehearing of an order altering his support
obligation. Originally, a settlement approved by
the circuit court pursuant to MCL 722.713; MSA
25.493 required defendant to pay $1,500 at the
rate of $5 per week plus certain statutory fees.
The circuit court altered defendant's support obli-
gation to require him to pay $45 per week until
the child reached the age of majority.

MCL 722.713; MSA 25.493 provides that a pater-
nity settlement is not binding unless approved by
the court, but that such a settlement bars other
remedies of the mother and child once approved
and performed. Settlements are contracts and are
governed by the legal principles applicable to con-
tracts. *Mastaw v Naiukow,* 105 Mich App 25, 28;
306 NW2d 378 (1981). Here, the circuit court held
that defendant had failed to perform the settle-
ment and that the settlement was therefore not
binding. At the time of the circuit court's decision,
defendant had paid only $1,409 of the $1,420 then
due. Moreover, defendant could not show that
every payment had been made on time, some
payments having been made a few days late. Re-
scission of a contract is permissible only for a
substantial or material breach. *O'Conner v Bamm,*
335 Mich 438; 56 NW2d 250 (1953); *Walker & Co v
Harrison,* 347 Mich 630; 81 NW2d 352 (1957). In
this case in view of the amounts of child support
and the time periods involved, it cannot be said

* Circuit judge, sitting on the Court of Appeals by assignment.

that an arrearage of $11 or the few untimely payments at issue constitute a substantial or material breach.

Neither can the circuit court's actions be justified under other theories. In *Van Laar v Rozema,* 94 Mich App 619; 288 NW2d 667 (1980), the Court approved the modification of a support obligation arising out of a settlement. However, in that case, the settlement agreement contained language permitting modification; therefore, the parties themselves conferred upon the circuit court the power to modify the support obligation. No such language was contained in the settlement agreement here.

The enforceability of a contract depends on consideration. *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579, 600; 292 NW2d 880 (1980). A party rescinding a contract must ordinarily restore the other party to substantially the position the other party occupied before the contract. *Mesh v Citrin,* 299 Mich 527, 538; 300 NW2d 870 (1941); *Blumrosen v Silver Flame Industries, Inc,* 334 Mich 441, 445-446; 54 NW2d 712 (1952); *Grabendike v Adix,* 335 Mich 128, 140-142; 55 NW2d 761 (1952). Here, defendant's answer to plaintiff's complaint denied paternity. Defendant had a right to a judicial determination of the paternity issue pursuant to MCL 722.714; MSA 25.494. Defendant agreed to surrender that right in return for the surrender of any claim by plaintiff and her child for support in excess of the agreed-upon amount. The circuit court could not deprive defendant of the consideration for the settlement, while leaving defendant bound by the settlement.

In *Boyles v Brown,* 69 Mich App 480; 245 NW2d 100 (1976), the Court concluded that a circuit court

had the power to modify the level of child support established by settlement in a paternity case. The Court relied in part on MCL 722.720a; MSA 25.500(1), a section which has been repealed. See 1982 PA 296. That statute did not expressly permit courts to modify paternity settlements, but it required the friend of the court to regularly review all paternity cases in which orders of filiation were entered and to recommend modification of support orders where the interests of the children or the public so required. The Court also noted that support orders for legitimate children may be modified even when based on a settlement and expressed concern that a different rule for illegitimate children would amount to denial of equal protection of the law.

In *Gomez v Perez,* 409 US 535; 93 S Ct 872; 35 L Ed 2d 56 (1973), the Court held that a statutory scheme which required natural fathers to support their legitimate children but not their illegitimate children amounted to a denial of equal protection. However, equal protection does not require that things different in fact be treated as though they were the same. *Tigner v Texas,* 310 US 141, 147; 60 S Ct 879; 84 L Ed 1124 (1940). The difference between a paternity case and a case involving support for legitimate children is the necessity of proving paternity in the former case. Due process requires that a litigant be afforded a fair trial of the issues involved in the controversy and a determination of disputed questions of fact on the basis of evidence. *Dation v Ford Motor Co,* 314 Mich 152, 167; 22 NW2d 252 (1946). The right of an illegitimate child to equal protection of law does not justify depriving the alleged father of the right to a trial of a disputed question of paternity. We decline to follow *Boyles, supra,* to the extent that, in a paternity settlement like that at issue here, it would permit a court to increase an alleged fa-

ther's support obligation, albeit leaving him bound by his agreement to surrender his right to a judicial determination of paternity. Such a settlement cannot be modified, the only judicial remedy being rescission.

A specific statute prevails over a general statute dealing with the same subject. See, for example, *Imlay Twp Primary School Dist No 5 v State Bd of Ed*, 359 Mich 478, 485; 102 NW2d 720 (1960). The *Boyles* Court interpreted MCL 722.720a; MSA 28.500(1) as creating a general power to modify support obligations in paternity cases. More specific statutes, however, set the limits of that power. MCL 722.720; MSA 25.500 gives the circuit court continuing jurisdiction over support and custody, but only until its judgment has been completely satisfied. MCL 722.713; MSA 25.493 specifies that a settlement bars other remedies of the mother and child once approved and performed.

Here, although we have held that defendant did not commit a substantial or material breach of the settlement agreement, the agreement was not completely performed at the time of the circuit court's order, because the time for complete performance had not yet arrived. As plaintiff points out, the record does not show that in considering the paternity settlement the circuit court ever found that the settlement made adequate provision for the support and education of the child. See *Tuer v Niedoliwka*, 92 Mich App 694, 700; 285 NW2d 424 (1979). It was therefore not too late for a rescission of the settlement, allowing the defendant to litigate the paternity question. But that was not what the circuit court did. The circuit court erred by modifying the settlement to increase defendant's support obligation.

Reversed and remanded for further proceedings consistent with this opinion. We retain no jurisdiction.