TRENDELL v SOLOMON

Docket No. 94275. Submitted April 6, 1989, at Detroit. Decided July 17, 1989.

David F. Trendell, doing business as T & W Associates, brought an action in Macomb Circuit Court against Peter Solomon. The action arose out of a dispute over an alleged partnership and a security interest in improved real estate given by plaintiff for a loan. The parties reached a settlement agreement and a consent judgment was subsequently entered. The consent judgment ordered defendant to execute a quitclaim deed to plaintiff of defendant's interest in the disputed property and ordered plaintiff to execute a promissory note for $150,000 in favor of defendant. The judgment further provided that plaintiff pay $10,000 on the note within fourteen days of the judgment's entry and the balance within 180 days. The quitclaim deed was to be held in escrow pending payment on the note. Plaintiff executed the note and made the $10,000 payment within the time provided by the judgment. Plaintiff subsequently failed to pay the remaining balance as required by the judgment. Plaintiff thereafter filed a motion for enforcement of the judgment and defendant filed a motion to set aside the judgment and reinstate the original complaint. The trial court, Frederick D. Balkwill, J., granted plaintiff's motion and denied defendant's motion. Defendant appealed.

The Court of Appeals *held:*

A consent judgment is a judicial act and possesses the same force and character as a judgment rendered following a contested trial. Such judgment, in the absence of fraud or mistake, is valid and binding as between the parties thereto and their privies. A consent judgment is not invalidated by a party's failure to perform a condition on which the consent was based. Where a party fails to perform such a condition, the proper remedy is enforcement of the judgment.

Affirmed.

REFERENCES

Am Jur 2d, Judgments §§ 1080-1097.
See the Index to Annotations under Consent Judgments.

1. Judgments — Consent Judgments.

> A consent judgment is a judicial act and possesses the same force and character as a judgment rendered following a contested trial.

2. Judgments — Consent Judgments — Modification of Consent Judgments.

> A consent judgment, in the absence of fraud or mistake, is valid and binding as between the parties thereto and their privies; the judgment is not invalidated by a party's failure to perform a condition on which the consent was based; where a party fails to perform such a condition, the proper remedy is enforcement of the judgment.

*Bellanca, Beattie & De Lisle, P.C.* (by *Anthony J. Bellanca*), for plaintiff.

*Jackson & Laska, P.C.* (by *Wilson M. Jackson*), for defendant.

Before: Danhof, C.J., and Wahls and Griffin, JJ.

Griffin, J. Defendant appeals as of right from a lower court order granting plaintiff's motion to enforce a consent judgment, and denying defendant's motion to set aside the consent judgment and to reinstate the original complaint. We affirm.

I

The underlying complaint arose out of a dispute over an alleged partnership and a security interest in improved real estate given by plaintiff for a loan. Prior to the conclusion of trial, the parties advised the court that they had reached a settlement. The stipulation and the terms of a consent agreement were thereafter placed on the record. Afterwards, a formal consent judgment was approved by the parties and entered by the court on April 23, 1987.

The judgment orders defendant to execute a quitclaim deed to plaintiff of defendant's interest in the subject property located in Highland Park, Michigan. The judgment in turn orders plaintiff to execute a promissory note for $150,000 in favor of defendant, with plaintiff paying $10,000 within 14 days of the entry of the judgment and the balance within 180 days. The quitclaim deed would be held in escrow pending payment under the promissory note.

Pursuant to the consent judgment, plaintiff executed and delivered to the defendant a promissory note in the amount of $150,000, and within two weeks made the initial payment of $10,000. However, due to an apparent disagreement concerning the terms of a mutual release, the balance of the promissory note was not paid within the 180 days. Plaintiff thereafter moved to enforce the consent judgment, and defendant countered with a motion to set aside the consent judgment and to reinstate the original complaint. In an order entered February 10, 1988, the trial court granted plaintiff's motion and denied defendant's motion.

Defendant argues that a consent judgment should be treated as nothing more than a settlement contract and that, since there was a breach of the terms of the consent judgment (i.e., plaintiff failed to pay the balance of the promissory note within 180 days), the proper remedy is rescission of the consent judgment and reinstatement of the action. We disagree.

II

As a general rule, consent judgments will not be set aside or modified except for fraud or mutual mistake. *Tinkle v Tinkle,* 106 Mich App 423, 426; 308 NW2d 241 (1981); *Newton v Security Nat'l*

*Bank of Battle Creek,* 324 Mich 344; 37 NW2d 130 (1949). Indeed, the review of a consent judgment is ordinarily limited. *Dora v Lesinski,* 351 Mich 579, 582; 88 NW2d 592 (1958). See also 4 Am Jur 2d, Appeal and Error, § 4.

The distinction between a consent judgment and a litigated judgment has not been widely addressed by Michigan courts. Nevertheless, authorities from other jurisdictions have routinely held that once a consent judgment has been entered, it has the full force and effect of a litigated judgment:

> *Judgments by consent, nevertheless, are entered by sanction and order of the court, exercising a judicial function and power, and therefore are not to be treated as mere contracts, but, to the contrary, as adverse judgments.* [Emphasis added. 47 Am Jur 2d, Judgments, § 1082, p 140.]

As stated by the United States Supreme Court in *Railway Employees' Dep't v Wright,* 364 US 642, 651; 5 L Ed 2d 349; 81 S Ct 368 (1961), quoting with approval *United States v Swift & Co,* 286 US 106; 52 S Ct 460; 76 L Ed 999 (1932):

> The result is all one whether the decree has been entered after litigation or by consent . . . . We reject the argument for the interveners that a decree entered upon consent is to be treated as a contract and not as a judicial act.

In accord, *Siebring v Hansen,* 346 F2d 474, 477 (CA 8, 1965):

> A consent decree is a judicial act, *United States v Swift & Co,* 286 US 106, 114, 115; 52 S Ct 460; 76 L Ed 999 (1932), and possesses the same force and character as a judgment rendered following a contested trial.

See also *United States v Homestake Mining Co,*

595 F2d 421, 425 (CA 8, 1979), quoting with approval *Siebring v Hansen, supra.*

The accepted rule is that the failure of a party to perform under a consent judgment does not void the judgment:

> In the absence of fraud or mistake a consent judgment is valid and binding, as such, as between the parties thereto and their privies. *The judgment is not invalidated by a subsequent failure to perform a condition on which the consent was based* . . . [49 CJS § 178, p 316, cited with approval in *Woods Bros Const Co v Yankton Co,* 54 F2d 304, 308 (CA 8, 1931); *Ward v Coleman,* 170 Okla 201, 1934; 39 P2d 113, 116 (1935); *Peterman v Peterman,* 55 SW2d 1108, 1110 (Tex Civ App, 1933).] [Emphasis added.]

Because a consent judgment is a judicial act, the proper remedy is enforcement where one of the parties does not comply with its terms:

> While a consent judgment and a judgment on the merits are distinguishable, for enforcement purposes they stand on a parity. [46 Am Jur 2d, Judgments, § 897, p 1031, citing *Third Nat'l Bank v Scribner,* 212 Tenn 400; 370 SW2d 482, 486 (1963).]

### III

Although the issue in the instant case has not previously been addressed by our courts, we are convinced that the law is well settled in other jurisdictions. We agree with these authorities and accordingly hold that once the consent judgment is entered, it becomes a judicial act and possesses the same force and character as a judgment rendered following a contested trial or motion.

Although, as with other judgments, a party may be granted relief from a consent judgment for the

reasons enumerated in MCR 2.612,[1] we hold that the lower court did not abuse its discretion in enforcing the judgment and denying defendant's motion to set it aside.

Affirmed.

---

[1] MCR 2.612(C):

(C) Grounds for Relief From Judgment.

(1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

(a) Mistake, inadvertence, surprise, or excusable neglect.

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

(d) The judgment is void.

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

(f) Any other reason justifying relief from the operation of the judgment.

(2) The motion must be made within a reasonable time, and, for the grounds stated in subrules (C)(1)(a), (b), and (c), within one year after the judgment, order, or proceeding was entered or taken. A motion under this subrule does not affect the finality of a judgment or suspend its operation.

(3) This subrule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding; to grant relief to a defendant not actually personally notified as provided in subrule (B); or to set aside a judgment for fraud on the court.