CREGO v COLEMAN

Docket No. 139068. Submitted February 10, 1993, at Detroit. Decided
September 7, 1993, at 10:15 A.M.

Phyllis R. Crego brought a paternity action in the Wayne Circuit
Court against Kermit Coleman. By stipulation of the parties
and after determining that adequate support had been provided
for the child, the court, Marianne O. Battani, J., entered an
order dismissing the complaint and directing the defendant to
pay child support of $20 a week until the friend of the court
made a formal recommendation and then to pay the lesser of
the recommended amount or $50 a week until the child reaches
eighteen years of age. Upon stipulation of the parties, the court
entered a second order, increasing the amount of initial child
support. The stipulation that prompted the second order in-
cluded an agreement by the parties that the support order
would not be subject to modification. After the friend of the
court made its recommendation, the court entered a third order
that directed the defendant to pay $50 a week until the child
turns eighteen or until further order of the court. Neither
party nor their attorneys signed the third order to approve its
form or substance. The plaintiff thereafter moved for an in-
crease in child support. The court denied the motion on the
basis of res judicata. The plaintiff appealed.

The Court of Appeals held:

Section 3 of the Paternity Act, MCL 722.713; MSA 25.493,
specifically provides that the performance of an agreement
approved by a court for the provision of support to an illegiti-
mate child by its father bars other remedies of the mother or
child for the support and education of the child. The statutory
bar prevents modification of a support order unless the parties'
settlement agreement provides otherwise or unless the order
directs payment of support until further order of the court.

In this case, the second order of the trial court was entered
pursuant to a stipulation by the parties that the support

REFERENCES

Am Jur 2d, Bastards §§ 126, 127.

See ALR Index under Custody and Support of Children; Legitimacy
of Children.

obligation would not be subject to modification. Although the third order provides that the defendant must pay support until further order of the court, there is no indication in the record that the parties agreed to that provision. The trial court lacks authority to modify support and it correctly denied the plaintiff's motion for modification, albeit for the wrong reason.

Affirmed.

GRIFFIN, J., dissenting, stated that in the absence of an objection or an appeal by the defendant with respect to the third order of the trial court, support was ordered paid until further order of the court, thereby allowing modification of the support obligation.

PARENT AND CHILD — PATERNITY ACTIONS — CHILD SUPPORT AGREE-
MENTS — MODIFICATION OF CHILD SUPPORT.

In a paternity action, an agreement approved by a court for the provision of support to an illegitimate child by its father is not subject to subsequent modification unless the parties provide for such modification in their settlement agreement or the order of support directs payment until further order of the court (MCL 722.713; MSA 25.493).

*Robes, Woodford & Kobliska* (by *J. Stephen Robes*), for the plaintiff.

*Steven M. Jentzen,* for the defendant.

Before: HOLBROOK, JR., P.J., and GRIFFIN and REILLY, JJ.

REILLY, J. Plaintiff appeals as of right from a March 22, 1991, order dismissing, on the basis of res judicata, her motion for modification of a child support order.

Pursuant to a stipulation between the parties, the trial court by order dated July 10, 1980, dismissed plaintiff's paternity complaint after determining that adequate provision for support had been made. The trial court adopted the parties' agreement and ordered defendant to pay $20 a week until the friend of the court made its formal recommendation, and thereafter the recommended

sum or $50 a week, whichever was less, until the
child reached eighteen years of age.

On September 26, 1980, the trial court again
determined that adequate provision for support
had been made and, pursuant to the agreement of
the parties, dismissed the cause "as to the question
of paternity only,"[1] and ordered defendant to pay
$20 a week from July 10, 1980, to September 26,
1980, $35 a week thereafter until the friend of the
court recommendation was received, and thereaf-
ter the amount of the recommendation or $50 a
week, whichever was less, until the child reached
eighteen years of age. The stipulation upon which
the order was based stated "that it is the intent of
the parties that the attached order is not modifia-
ble," and "this matter shall stand settled, discon-
tinued and dismissed against Kermit L. Coleman,
defendant herein."

On January 30, 1981, after the friend of the
court recommendation was submitted, the trial
court entered a "permanent" order requiring de-
fendant to pay $50 a week in support "commenc-
ing January 30, 1981, and continuing until said
child attains the age of eighteen years or until
further order of the court." Neither party nor
their attorneys signed the order to approve its
form or substance.

Although defendant could have consented to
further modification of the settlement agreement
to include the language "or until further order of
the court," the record does not show that he did
so.

Settlements are contracts and are governed by

---

[1] The phrase "as to the question of paternity only" was handwritten
after the printed language "is hereby dismissed as to Kermit L.
Coleman, defendant herein." There is nothing in the order that
indicates who added the language, when or whether it was approved
by the court.

the legal principles applicable to contracts. *Hisaw v Hayes,* 133 Mich App 639, 642; 350 NW2d 302 (1984). In *Hisaw,* this Court rejected the equal protection argument raised on behalf of an illegitimate child and recognized the binding effect of a settlement in a paternity matter. Declining to follow *Boyles v Brown,* 69 Mich App 480; 245 NW2d 100 (1976), and relying on MCL 722.713; MSA 25.493, this Court held:

> The right of an illegitimate child to equal protection of law does not justify depriving the alleged father of the right to a trial of a disputed question of paternity. We decline to follow *Boyles, supra,* to the extent that in a paternity settlement like that at issue here, it would permit a court to increase an alleged father's support obligation, albeit leaving him bound by his agreement to surrender his right to a judicial determination of paternity. Such a settlement cannot be modified, the only judicial remedy being rescission. [*Hisaw, supra* at 644-645.]

We believe *Hisaw* to be the better-reasoned opinion, and we choose to follow it. Likewise, we believe that *Morrison v Richerson,* 198 Mich App 202; 497 NW2d 506 (1993), is distinguishable. In this case, defendant never acknowledged paternity. The trial court determined, in its order dismissing the case pursuant to the stipulation of the parties, that adequate provisions for support had been made. The second order, again pursuant to stipulation, authorized payment in accordance with the friend of the court recommendation. The stipulation stated that "the attached order is not modifiable" and "this matter shall stand settled, discontinued and dismissed" against defendant. The third order, entered after dismissal, was without consent of the parties and, we believe, was without

effect beyond stating the amount recommended by the friend of the court, which change had been agreed to by the parties in their stipulation.

MCL 722.713; MSA 25.493 specifically provides that the performance of the agreement after approval by the court bars "other remedies of the mother or child for the support and education of the child." That statutory bar prevents modification of the support order unless the parties provide for modification in the language of their settlement agreement.

Permission to modify has been found where the parties agreed that support should be paid "until the child reaches eighteen years of age or until further order of the court." *Van Laar v Rozema*, 94 Mich App 619; 288 NW2d 667 (1980). Although the language "until further order of the Court" was inserted in the order signed on January 30, 1981, nothing in the record suggests that phrase was agreed to by defendant, and plaintiff does not make that claim. The trial court had no authority to modify the parties' agreement by entering a support order that was inconsistent with the parties' settlement of the paternity action that had previously been approved by the court. MCL 722.713; MSA 25.493; *Hisaw, supra.* We conclude, therefore, that the phrase "or until further order of the court" in this case could not change the agreement made by the parties, and does not authorize later modification by the court.

The order of the trial court dismissing plaintiff's motion for modification is affirmed, although for reasons other than those stated by the trial court. *Griffey v Prestige Stamping, Inc,* 189 Mich App 665, 669; 473 NW2d 790 (1991).

Affirmed.

HOLBROOK, JR., P.J. concurred.

GRIFFIN, J. *(dissenting).* I respectfully dissent. I would reverse on narrow grounds. At issue in this appeal is a 1981 circuit court order that specifically provides for modification by using the language "until further order of the court." Although defendant now contends that he never agreed to the language allowing for modification, there was no objection to the order when it was entered in 1981 and defendant never appealed.

An agreement to provide support for a child born out of wedlock requires approval by the court, MCL 722.713(a); MSA 25.493(a), and it is well settled that a court speaks only through its written orders. *Tiedman v Tiedman,* 400 Mich 571, 576-577; 255 NW2d 632 (1977). Moreover, a judgment entered by consent is not a contract; rather, it has the same force and effect as a litigated judgment. *Trendell v Solomon,* 178 Mich App 365, 369; 443 NW2d 509 (1989). Because the order in this case allows for modification, the court was not barred from entertaining plaintiff's request for an increase in support. Compare *Morrison v Richerson,* 198 Mich App 202, 209-211; 497 NW2d 506 (1993).